**NOT FOR PUBLICATION**

**FILED**

OCT 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN MA,<br><br>            Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.   15-73672<br><br>Agency No. A205-183-977<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2021[**]
Pasadena, California

Before:  CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.

Petitioner Yan Ma petitions for review of the Board of Immigration

Appeals' decision denying relief on her applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

removal, and protection under the Convention Against Torture (CAT). Ma sought relief due to her opposition to China's Family Planning Policy. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for relief.

The decisions of the Immigration Judge (IJ) and the Board (collectively, the Agency) relied on the IJ's adverse credibility findings, which were based on inconsistencies in Ma's statements and oral testimony. In her opening brief, Ma argues only that the Board's adverse credibility finding is not supported by substantial evidence and that the Board erred in finding that she lacked sufficient evidence to support her CAT claim.[1] Adverse credibility findings are factual determinations that we review under the substantial evidence test, and we may not reverse them unless we find that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Etemadi v. Garland*, __ F.4th__; 2021 WL 4097494, at *5 (9th Cir. Sept. 9, 2021) (quotation marks and citation omitted).

1.     Substantial evidence supports the IJ's adverse credibility finding. The IJ discussed in detail his specific and cogent reasons for finding that Ma did not

---

[1]Ma waived any argument as to her asylum or withholding of removal claims by failing to "specifically and distinctly argue[] and raise[]" these issues in her opening brief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070 (9th Cir. 2005) (quotation marks and citation omitted). These arguments would have failed regardless for the same reason that her CAT claim fails. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Lalayan v. Garland*, 4 F.4th 822, 836 (9th Cir. 2021).

present a credible claim. For example, Ma testified that she was self-employed running a newsstand at the time of her second pregnancy but also testified that her factory work unit discovered and reported her pregnancy to Family Planning Officials. Because Ma cannot establish that a reasonable factfinder "would be compelled" to credit her testimony, we accept the Agency's credibility findings as conclusive. *See Garland v. Ming Dai*, 141 S. Ct. 1669, 1681 (2021); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

2.    Ma has not carried her burden of establishing that it is more likely than not that she will be tortured if she is returned to China. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). She has presented no credible evidence that she suffered physical abuse by government officials or that she faces a clear probability of future torture if removed. *See Ming Dai*, 141 S. Ct. at 1681.

The petition for review is **DENIED.**